| TWEIMER, J.,
concurring.
While I have serious reservations about approving the adoption of an annexation ordinance which fails to follow the rather simple procedure outlined in LSA-R.S. 33:171 et seq., on the facts of this case I am constrained to concur in the result.
Based on the stipulation of the parties in this matter, the Village of Killian disregarded the requirements of Revised Statute 33:172(B) which provides in part:
Notice by publication shall be given once of the filing of the petition [for annexation with the governing body] in some newspaper published or having general circulation in the municipality. No ordinance enlarging the boundaries of the municipality shall be adopted until ten days after the publication of the notice.
The introduction and adoption of the ordinance was accomplished at a meeting which took place less than ten days after publication of the notice required in LSA-R.S. 33:172(B).
For the ordinance to become operative, the governing body must publish notice pursuant to LSA-R.S. 33:173 following adoption of the ordinance. However, it is very clear that once there is publication of an ordinance pursuant to LSA-R.S. 33:173, a thirty day period commences. If no suit is filed within the thirty day period, or if no appeal is taken | ¿within the legal delays from a judgment of the district court sustaining the ordinance, the ordinance shall then become operative and “cannot be contested or attacked for any reason or cause whatsoever.” (Emphasis added.) LSA-R.S. 33:175.
As the Louisiana Supreme Court stated in interpreting similar language in a prescriptive statute dealing with contesting the legality of an election, the bond issue provided for, or the security to be given, “We must assume [the legislators] mean exactly what they so forcibly declare. The period of prescription which they establish would be of little value . if it were subject to qualifications and exceptions.” Miller v. Town of Bernice, 186 La. 742, 173 So. 192, 194 (1937).
There has been no demonstration by the plaintiff that he did not realize the matter had been published. He does not explain why suit was not filed for almost ten months after the expiration of the thirty day period provided in LSA-R.S. 33:173.
Given the emphatic and clear language of LSA-R.S. 33:175 and the Louisiana Supreme Court decision in Miller, I concur in the result.